**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CARVONDELLA BRADLEY, JOYCE
ELAINE NIEVES, LARONDA
WILLIAMS, CHRIS CROWLEY,
DERRICK BURKE, CHARLES E. BURKE,
JR., GREG BURKE, CYNTHIA BURKE,
BEATRICE WELLS, KARL CROWLEY,

                         **Plaintiffs,**

-vs-                                               Case No. 6:07-cv-1690-Orl-31GJK

MICHAEL O. LEAVITT,

                         **Defendant.**

## ORDER

On June 11, 2009, Magistrate Judge Kelly entered a Report and Recommendation (Doc. 39), recommending that the instant appeal from the decision of Administrative Law Judge ("ALJ") (Doc. 1) be DENIED. Plaintiff filed timely objections to the Report (Doc. 41). Defendant responded (Doc. 42). Upon *de novo* review of the above, the Court concurs with the recommendation of the Magistrate Judge.

In reviewing a case such as this, the Court is instructed to affirm unless the Secretary's decision is arbitrary, capricious, not in accordance with the law, or unsupported by substantial evidence in the record. *See*, *e.g.*, *Alacare Home Health Services, Inc. v. Sullivan*, 891 F.2d 850, 854 (11th Cir. 1990). The Plaintiff's papers do little to assist the Court in resolving these questions. Rather, relying primarily on two Iowa District Court cases, the Plaintiffs try to

transform this administrative appeal into a due process case, contending in effect that Medicare is wrongfully depriving them of their portion of the settlement. A review of those cases shows that they are inapposite and do not affect the result in the instant case.

*Estate of Foster v. Shalala*, 926 F.Supp. 850, 855-56 (N.D.Iowa 1996) was a declaratory judgment action involving a tentative settlement of a state court medical malpractice case brought by the estate against the tortfeasor's liability insurer. Because the estate was precluded by state law from seeking to recover the medical expenses that had been paid by Medicare, the federal court ruled that Medicare had no right to any of the settlement proceeds. *Id.* at 863. Because no such law bars recovery of the medical expenses paid on behalf of the Plaintiffs' father here, this case is of no assistance to the Plaintiffs.

The second case, *Denekas v. Shalala*, 943 F.Supp. 1073 (S.D.Iowa 1996), was another declaratory judgment action. At issue was a policy limits settlement in a wrongful death action. The estate had asserted consortium claims against the tortfeasor on behalf of the decedent's children, as well as a claim for the medical expenses paid by Medicare. *Id.* at 1076. The same traffic accident that resulted in the death of the children's father (after several months of hospitalization) also killed the children's mother. *Id.* at 1077. An arbitrator had fixed a sum for the children's loss of consortium with regard to their mother – and therefore, in effect, with regard to their father. *Id.* In contrast, no independent entity has established either the validity or extent of the Plaintiffs' claims in this case.

Having opted not to pursue a true, adversarial apportionment of the settlement proceeds – which Medicare, according to its regulations, would recognize – the Plaintiffs cannot now argue that "their" property is being taken away from them without due process.

It is, therefore

**ORDERED** that:

1. The Report and Recommendation of the Magistrate Judge is Adopted and Confirmed;

2. The decision of Administrative Law Judge is AFFIRMED.

3. All pending motions are DENIED AS MOOT.

4. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 13, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party