# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CARVONDELLA BRADLEY, JOYCE
ELAINE NIEVES, LARONDA
WILLIAMS, CHRIS CROWLEY,
DERRICK BURKE, CHARLES E. BURKE,
JR., GREG BURKE, CYNTHIA BURKE,
BEATRICE WELLS, KARL CROWLEY,

        **Plaintiffs,**

-vs-                                      Case No. 6:07-cv-1690-Orl-31GJK

KATHLEEN SEBELIUS, Secretary, U.S.
Department of Health and Human Services,

        **Defendant.**

_____

# ORDER

This matter comes before the Court without a hearing on the Plaintiffs' First Amended Motion for Award of Attorneys' Fees and Costs (Doc. 68) and the response in opposition (Doc. 78) filed by the Defendant, Kathleen Sebelius, in her capacity as Secretary of the United States Department of Health and Human Services (the "Secretary"). The Plaintiff seeks an award pursuant to 28 U.S.C. § 2412(b), which provides that

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

The Plaintiffs seek an award based on the Secretary's allegedly "vexatious, oppressive, and recalcitrant conduct," and further claim entitlement to an enhancement of that award by use of a multiplier.  (Doc. 68 at 6).  More particularly, the Plaintiffs argue that they seek an award "to counter the bad faith" of HHS.  (Doc. 68 at 8).  See also *Maritime Management, Inc. v. United States*, 242 F.3d 1326, 1331-32 (11th Cir. 2001) (award of fees under Section 2412(b) proper where government has conducted litigation in bad faith, vexatiously, wantonly, or for oppressive reasons).  But there was no bad faith here.  The Secretary acted in conformity with the department's long-held legal position, one supported by decisions from other Courts of Appeal.  The Secretary's position in this particular case was also supported by most of the judges who heard this dispute.  Ultimately, two of the three judges on the Eleventh Circuit Court of Appeals agreed with the Plaintiffs on a question of first impression.  But neither of those judges suggested that the Secretary acted in bad faith in litigating this case, and the Plaintiffs have not provided any basis for such a conclusion in their motion.  Accordingly, it is hereby

**ORDERED** that the Plaintiffs' First Amended Motion for Award of Attorneys' Fees and Costs (Doc. 68) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 7, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Party